08-5581-cr
USA v. Thompson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand ten.

Present:    JOSEPH M. McLAUGHLIN,
            ROBERT A. KATZMANN,
            RICHARD C. WESLEY,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

            - v -                           No. 08-5581-cr
                                            NAC
DARNELLE THOMPSON,

                        *Defendant-Appellant.*

_____

For Defendant-Appellant:            David M. Samel, New York, N.Y.

For Appellee:                       Amir H. Toossi and David C. James, Assistant
                                    United States Attorneys, *for* Benton J.
                                    Campbell, United States Attorney for the
                                    Eastern District of New York, Brooklyn, N.Y.

        Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Darnelle Thompson appeals from a judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*), entered November 6, 2008, convicting defendant, following a guilty plea, of one count of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced defendant principally to a term of 84 months' imprisonment. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Defendant, through counsel, challenges the district court's decision at sentencing to impose a two-level enhancement to defendant's offense level for possessing a stolen firearm pursuant to U.S.S.G. § 2K2.1(b)(4)(A). We review the sentence imposed by the district court for both procedural and substantive reasonableness. *United States v. Rattoballi*, 452 F.3d 127, 131-32 (2d Cir. 2006). "Reasonableness review is akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion[,] . . . committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007) (internal quotation marks omitted). A district court commits procedural error, when, for instance, it "fails to calculate the Guidelines range" or "makes a mistake in its Guidelines calculation." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). "In this context, we review factual findings for clear error and the court's interpretation of the Sentencing Guidelines *de novo*." *United States v. Thompson*, No. 07-0260 (E.D.N.Y. Nov. 4, 2008).

The sole issue raised in this appeal is whether the district court committed procedural

error when it imposed the two-level stolen firearm enhancement. Defendant argues that the enhancement violates due process principles and Congressional intent because it does not require proof that the defendant knew that the firearm was stolen. We need not address this argument, however, because the district court made clear that its sentence, which was "based on the nature of th[e] offense, in light of [defendant's] long criminal history . . . would be the same, regardless of whether or not [the] enhancement were to apply in this case." Accordingly, because "the record indicates clearly that the district court would have imposed the same sentence" regardless of whether or not the enhancement applies, any claimed error (assuming that there was error), "may be deemed harmless." *United States v. Jass*, 569 F.3d 47, 69 (2d Cir. 2009) (internal quotation marks omitted); *see also United States v. Bermingham*, 855 F.2d 925, 934 (2d Cir. 1988) ("As long as the sentencing judge is satisfied that the same sentence would have been imposed no matter which of the two guideline ranges applies, the sentence should stand.").

We have considered defendant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK